UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

LAKENTO BRIAN SMITH,
        also known as "Beans,"
JAVON DREVELLE BREWER,
        also known as "JB," and
FLETCHER LEE SALAZAR,
        also known as "Lee,"

**<u>INDICTMENT</u>**

        Defendants.
_____/

The Grand Jury charges:

## <u>COUNT 1</u>
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

From at least on or about July 16, 2025 and continuing through July 23, 2026, in Muskegon County, in the Southern Division of the Western District of Michigan, in Harris County, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

LAKENTO BRIAN SMITH, also known as "Beans,"
JAVON DREVELLE BREWER, also known as "JB," and
FLETCHER LEE SALAZAR, also known as "Lee,"

knowingly and intentionally combined, conspired, confederated, and agreed with each other and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute controlled substances, including, but not limited to, 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance.

Before the defendant, LAKENTO BRIAN SMITH, also known as "Beans," committed the offense charged in this count, the defendant was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii); possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii); and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(ii), in the United States District Court for the Western District of Michigan, judgment imposed on November 1, 2006, each of which is a serious drug felony, for which the defendant served more than 12 months in prison, and for which he was released from serving the term of imprisonment related to those offenses within 15 years of the commencement of the offense charged in this count.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(vi)
21 U.S.C. § 841(b)(1)(B)(i)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 851
21 U.S.C. § 802(58)

## COUNT 2
(Money Laundering Conspiracy)

From at least on or about May 30, 2025 and continuing through July 23, 2026, in Muskegon County, in the Southern Division of the Western District of Michigan, in Harris County, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

LAKENTO BRIAN SMITH, also known as "Beans," and
JAVON DREVELLE BREWER, also known as "JB,"

knowingly and intentionally combined, conspired, and agreed with each other and with other persons, both known and unknown to the grand jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, specifically:  to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with intent to distribute controlled substances as alleged in Count 1 of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(C), and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

18 U.S.C. § 1956(h)

## COUNT 3
(Possession with Intent to Distribute Controlled Substances)

On or about April 24, 2026, in Muskegon County, in the Southern Division of the Western District of Michigan, the defendant,

FLETCHER LEE SALAZAR, also known as "Lee,"

knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(vi)

**COUNT 4**
(Possession with Intent to Distribute Heroin)

On or about July 23, 2026, in Muskegon County, in the Southern Division of the Western

District of Michigan, the defendant,

JAVON DREVELLE BREWER, also known as "JB,"

knowingly and intentionally possessed with intent to distribute 100 grams or more of a mixture or

substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(i)

**FORFEITURE ALLEGATION**
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances;
Possession with Intent to Distribute Heroin)

The allegations contained in Counts 1 and 4 of this Indictment are hereby re-alleged and

incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846,

set forth in Count 1 of this Indictment, and an offense in violation of 21 U.S.C. § 841(a)(1), set

forth in Count 4 of this Indictment, the defendant

JAVON DREVELLE BREWER, also known as "JB,"

shall forfeit to the United States of America any property constituting, or derived from, any

proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of, the

offense. The property to be forfeited includes, but is not limited to, the following:

1.     REAL PROPERTY:

   a. 3320 Highland Street, Muskegon Heights, Michigan, Muskegon County, more
      fully described as:

      Lot Number: 17-19 Block: 11 District: 26 City, Municipality, Township:
      MUSKEGON HEIGHTS CITY Subdivision Name: HOMELAWN ADD
      Sec/Twn/Rng/Mer: SEC 00 TWN 10N RNG 16W Brief Description: CITY OF
      MUSKEGON HEIGHTS HOME LAWN ADD'N BLK 11 LOTS 17 & 18 & 19

      Parcel No.: 61-26-400-011-0017-00

      Titled in the name of: Javon Brewer.

2.     PERSONAL PROPERTY:

   a. a black 2024 Toyota Tundra, Michigan registration: 1QJQJ17, VIN:
      5TFMC5DB4RX043097, registered to Javon BREWER, 3320 Highland St.,
      Muskegon Heights, MI;

   b. $21,286 U.S. currency seized on July 23, 2026 from 3320 Highland Street,
      Muskegon Heights, Michigan; and

    c.  Assorted Jewelry seized on July 23, 2026 from 3320 Highland Street, Muskegon Heights, Michigan.

3.      SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be  divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853(a)
21 U.S.C. § 853(p)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

## FORFEITURE ALLEGATION
(Money Laundering Conspiracy)

The allegations contained in Count 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956(h) set forth in Count 2 of this Indictment, the defendants,

LAKENTO BRIAN SMITH, also known as "Beans," and
JAVON DREVELLE BREWER, also known as "JB,"

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1.      MONEY JUDGMENT: a sum of money equal to the amount of money involved in the offense charged in Count 2.

2.      SUBSTITUTE ASSETS: if any of the property described above, as a result of any act or omission of the defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

18 U.S.C. § 982(a)(1)
21 U.S.C. § 853(p)
18 U.S.C. § 982(b)

18 U.S.C. § 1956(h)

A TRUE BILL

[ /s/ Redacted ]

_____

GRAND JURY FOREPERSON

TIMOTHY VERHEY
United States Attorney

_____

DANIEL T. McGRAW
Assistant United States Attorney