UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Case No. 1:26-cr-00084

v.                                  Hon. Jane M. Beckering

LAKENTO BRIAN SMITH,        **GOVERNMENT'S INITIAL PRETRIAL**
JAVON DREVELLE BREWER, and   **CONFERENCE SUMMARY**
FLETCHER LEE SALAZAR,         **STATEMENT (ALL DEFENDANTS)**

       Defendants.

_____/

## I.     **DISCOVERY**

A.     Statements of Defendants

     1.     Oral Statements [Rule 16(a)(1)(A)]

     ☐     There are no written records of oral statements or other oral statements as defined in Rule 16(a)(1)(A).

     ☒     There are the following records of oral statements:
- Reports documenting statements made by:
  - SMITH on 7/23/26
  - BREWER on 7/23/26
  - SALAZAR on 4/24/26

the substance of which
☐ has been disclosed to defense counsel
☒ will be disclosed to defense counsel upon entry of protective order.

     2.     Written or Recorded Statements [Rule 16(a)(1)(B)]

     ☐     There are no written or recorded statements or grand jury testimony of defendant.

     ☒     There are the following written or recorded statements or grand jury testimony:
- Reports documenting statements made by:
  - SMITH on 7/23/26
  - BREWER on 7/23/26
  - SALAZAR on 4/24/26
- Intercepted wire communications over -4007 (TP1) (1/20/26 – 7/8/26)
- Audio/video recorded statements made by SMITH, BREWER to DEA UC
- Audio/video recorded statements captured by Ring Doorbell Camera
  - (1:25-mj-491-PJG, 9/24/25; 1:25-mj-653-RSK, 12/1/25; 1:26-mj-228-MV, 5/29/26; 1:26-mj-332-MV, 8/6/26)

- Written statements in messages/data extracted from devices:
  o   iPhone -5700 (SALAZAR) (1:26-mj-177-RSK; 4/30/26)
  o   iPhone -4007 (TP1) (BREWER) (1:26-mj-295-MV; 7/16/26)
  o   iPhone -1978 (TP14) (BREWER) (1:26-mj-322-SJB; 7/27/26)
  o   iPhone -1496 (TP3) (SMITH) (1:26-mj-327-SJB; 7/31/26)
- Written statements in messages/data extracted from:
  o   iCloud accounts (BREWER, SMITH) (1:25-mj-497-PJG, 9/26/25; 1:26-mj-230-SJB, 6/1/26)[1]
- Any statements recorded by body worn camera on 4/24/26 and 7/23/26

All written or recorded statements
☐ have been disclosed to defense counsel
☒ will be disclosed to defense counsel upon entry of protective order.

B.     Defendant's Prior Record [Rule 16(a)(1)(D)]

☐      The government has made due inquiry and is not aware of any prior criminal records.

☐      The government has disclosed defendant's prior criminal history.

☒      The government has disclosed defendant's prior criminal history or is in the process of disclosing to defense counsel and will produce as soon as practicable.

C.     Documents and Tangible Objects [Rule 16(a)(1)(E)]

☐      The government has no documents, tangible objects, or physical evidence required to be disclosed.

☒      The government has the following documents, tangible objects, and physical evidence:
☒ Controlled Substances: fentanyl, heroin
☒ Drug Paraphernalia: kilogram presses, scales, money counter, cutting agents
☒ Records: financial/banking records, law enforcement reports (FBI, DEA, IRS-CI, USPIS, MSP)
☒ Drug Records: DEA chemical analysis reports
☐ Firearms:
☐ Inventory (attached)
☒ Other: search warrant/surveillance photographs; phone toll and location information; vehicle location information; pole camera video recordings;[2] data/video from Ring LLC, Apple, Inc.

☒      The government voluntarily notifies the defendant of the following search warrants issued and the warrant returns:

---

[1] Unless otherwise noted, the government will produce reviewed and selected materials from searches of devices and Apple iCloud accounts. Full downloads of devices and iCloud accounts associated with a defendant will be produced upon request and defense providing sufficient media storage.

[2] Pole camera video recordings will be made available upon request.

    ☒ State – In re: search of 5th Street, Muskegon Heights, MI (60th D. Ct., Apr. 24, 2026)

    ☒ Federal – See Exhibit 1

☒    Search warrants and warrant returns will be disclosed to defense counsel in discovery.

**D.**    <u>Reports of Examinations and Tests [Rule 16(a)(1)(F)]</u>

☐    The government has no reports of examinations or tests required to be disclosed by Rule 16.

☒    The government has or expects to have reports of the following examinations and tests:

    ☒ Drug Analysis    ☐ Handwriting    ☒ Fingerprints

    ☒ DNA    ☐ Firearms/Nexus    ☐ Gun Operability

    ☒ Computer/Cell Phone Forensics    ☐ Other:

**E.**    <u>Reciprocal Discovery</u>

☒    The government seeks reciprocal discovery.

**F.**    <u>Notice Under FRE 404(b)</u>

☐    The government does not presently intend to introduce 404(b) evidence.

☐    The government does presently intend to introduce the following 404(b) evidence:

☒    The government will provide pretrial notice of 404(b) evidence

**G.**    <u>Other Discovery Matters</u>:

**II.**    <u>**TRIAL**</u>

    A.    The government requests a ☒ jury ☐ non-jury trial.

    B.    Length of trial excluding jury selection is estimated at 5 days

**III.**    <u>**MISCELLANEOUS**</u>

☐    This case may be appropriate for expedited resolution.

☒    The government is unaware at this time of any known conflict with defendant's representation by counsel.  The United States will immediately advise counsel if any such conflict becomes known.

☐    The government is aware of the following potential conflict(s):

☒    Government's plea negotiation policy: guilty plea must be entered, or plea agreement must be signed, no later than three weeks prior to the final pretrial conference date, to avoid the government preparing for trial, as defined by section 3E1.1(b) of the guidelines.

Date: August 12, 2026          /s/ Daniel T. McGraw
                                        Assistant United States Attorney