UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

LAKENTO BRIAN SMITH,

Defendant.

Case No. 1:26-cr-084

Hon. Jane M. Beckering
United States District Judge

**MOTION TO WITHDRAW AS ATTORNEY, REQUEST FOR APPOINTMENT OF NEW ATTORNEY, AND BRIEF IN SUPPORT**

In this case an unusual, prospective conflict of interest issue has arisen based upon the government charging of a former client and a current client in the same indictment. Upon consultation with a variety of sources, counsel has determined that a potential conflict of interest may arise in this case that would materially limit either the continued representation of Mr. Smith, or potentially violate the loyalty owed to a former client charged in the same indictment. In an abundance of caution, counsel files this motion to inform the Court of the prospective conflict of interest and recommends authorizing withdrawal of current counsel under Local General Rule 2.5 and appointment of alternative counsel. The Assistant United States Attorney in this matter, Daniel T. McGraw, has been advised of the situation and the relief requested in this motion, and does not object.

**Brief in Support**

1. *Procedural history and factual background*

The government charged Mr. Smith by criminal complaint on July 20, 2026. The complaint charged Mr. Smith with conspiracy to launder monetary instruments to promote felony violations of the Controlled Substances Act, and to conceal the nature, source, or ownership of the proceeds of felony violations of the Controlled Substances Act, in violation of 18 U.S.C. § 1956(h). At the time, Mr. Smith was the only defendant in the charging document. See *United States of America v. Lakento Brian Smith*, 26-mj-00307-RSK, ECF No. 1, PageID.40. On August 3, 2026, Mr. Smith's made his first appearance with counsel. He was detained pending preliminary and detention hearings pursuant to the government's motion for pretrial detention under 18 U.S.C. § 3142(f)(1)(D).

Following his initial appearance, and relevant to this motion, the government disclosed about 130 pages of materials relevant to the preliminary hearing to defense counsel. As is standard practice by undersigned counsel, counsel reviewed the materials and collected possible names for a conflict-of-interest review. Defense noted that at least one potential conflict with a prior client might arise while representing Mr. Smith: Fletcher Lee Salazar, a former client of the office, appeared throughout the initial discovery disclosures. See *United States of America v. Fletcher Lee Salazar*, and 1:15-cr-00004-JTN; *United States of America v. Fletcher Lee Salazar et. al.* 1:15-cr-00185-JTN.

Defense counsel reviewed the public pleadings in Mr. Salazar's prior case. Counsel noted that Mr. Salazar previously filed a *pro se* motion to discharge prior counsel, the former Federal Public Defender. (1:15-cr-00004-JTN, ECF No. 18, PageID.33). That motion was denied by Magistrate Judge Green. (ECF No. 21). Following his conviction pursuant to a plea

agreement, Mr. Salazar filed various motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in case number 15-cr-00004-JTN, ultimately alleging, ultimately among other grounds for relief that his plea was not made "knowingly" and intelligently." See *Fletcher Lee Salazar v. United States of America*, 17-cv-00290-JMB, ECF No. 18, PageID.172-173 (summarizing Mr. Salazar's 2255 procedural history).[1] Mr. Salazar does not appear to have raised ineffective assistance of counsel as a ground for collaterally attacking his conviction.

Mr. Smith returned to court on August 5, 2026, with counsel for his preliminary and detention hearings. Following the hearings, Mr. Smith was bound over for further proceedings before the Grand Jury and ordered detained pending trial in this matter. (ECF Nos. 14, 15, 16).

The government ultimately obtained a multicount, multidefendant indictment charging Mr. Smith, Mr. Salazar, and Javon Brewer with various offenses. (ECF No, 18, PageID.74-82).

Mr. Smith appeared for his arraignment on the indictment on August 14, 2026. Counsel for the defense and the government briefly discussed the prospect of a possible conflict issue arising from Mr. Salazar's prior representation by the Federal Public Defender's Office in the aforementioned cases. Counsel indicated to the government that Counsel would look into the issue to determine if a conflict or possible conflict existed between the former client and the current client.

[1] Counsel for Mr. Smith has not reviewed any sealed documents or other non-public information related to the prior representation. However, there is no mechanism for prohibiting counsel's access to Mr. Salazar's prior case documents.

Following Mr. Smith's arraignment, undersigned counsel discussed the issue internally with staff within the Federal Public Defender's Office, including the First Assistant Federal Defender and the Federal Defender, and concluded that there was no present actual conflict of interest. Mr. Smith and Mr. Salazar are not being jointly represented "in the same or a substantially related matter" within the meaning of the rules of professional conduct because counsel does not currently represent both defendants. No one could rule out, however, the prospect of a potential conflict of interest in the future based upon the prior representation of Mr. Salazar.

Defense counsel further corresponded with the Michigan State Bar ethics hotline as well as a prior colleague in Florida who manages conflict of interest issues at undersigned counsel's former office.[2] Both Michigan and Florida resources concluded that the circumstances did not create a present conflict of interest, but that a potential future conflict of interest could not be ruled out.

Defense counsel conferred with opposing counsel about the potential for adverse interests arising in the future. The government noted that they could not rule out a future circumstance where Mr. Salazar might testify against Mr. Smith in the instant matter. Based upon the information gathered following Mr. Smith's indictment, defense concluded that this potential issue would give rise to a conflict of interest, given the office's prior representation of Mr. Salazar. In other words, should current counsel for Mr. Smith be in a position of cross-examining Mr. Salazar, a former client of the Federal Public Defender's Office, all relevant

---

[2] Undersigned counsel is barred in Michigan and Florida, which have similar are worded in materially different ways. *See e.g.* MRPC 1.9; Fla. Bar Reg. R. 4-1.9.

authorities concluded that a conflict of interest would arise, and that removal would be the appropriate course of action.

2. *Argument and relevant law*

The Sixth Amendment right to the assistance of counsel is a fundamental right so essential to a fair trial that is part of the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainright*, 372 U.S. 335 (1963). "[D]efense attorneys have the obligation, upon discovering a conflict of interests, to advise the court at once of the problem." *Holloway v. Arkansas*, 435 U.S. 475, 485–86 (1978). "A trial court, moreover, has a duty to inquire into the nature of a conflict at such time as it becomes aware of a potential or actual conflict of interest." *United States v. Humphrey*, 287 F.3d 422, 437 (6th Cir. 2002), citing *Wood v. Georgia*, 450 U.S. 261, 272-74 (1981).

As outlined above, at the present time there is no actual conflict of interest between Defendant's Salazar and Smith. However, there are potential adverse interests implicated by the government charging a former client of the Federal Public Defender's Office and a current client of the Federal Public Defender's Office in the same charging document. As such, continued representation of Mr. Smith poses a potential conflict of interest.

While that conflict does not presently exist, if it were to arise later, the consensus of authorities consulted in this matter is that counsel would need to withdraw. The prior representation of Mr. Salazar might materially limit the current representation of Mr. Smith. Because the government is likely to seek cooperation of charged and uncharged codefendants, and cannot rule out the prospect of such cooperation in the future, defense cannot guarantee conflict-free representation through to the conclusion of Mr. Smith's case. The situation raises

the appearance of divided loyalty between the duties owed to a former client and those owed to a current client.

Counsel has considered the available options and determined that informing the Court is required under the authorities cited above, and that withdrawal is likely the most prudent course of action. Additionally, given the prospective nature of the conflict of interest, it may be prudent to replace current counsel now, early in the representation, rather than wait until the potential conflict of interest ripens into an actual conflict requiring late withdrawal. A late withdrawal would potentially prejudice both Mr. Smith and the efficient use of judicial resources in a manner that withdrawal now would not.

As noted above, attorney Fisher is licensed in both Florida and Michigan. The State Bar of Michigan's Rules of Professional Conduct clearly set out counsel's duty of confidentiality, which applies to former as well as current clients. See generally Michigan Rules of Professional Conduct Rules 1.6, 1.7, 1.9, 1.10; Florida Rules of Professional Conduct 4-1.6, 4-1.7, 4-1.9, 4-1.10. Under Florida Rule 4-1.7, which must be read in conjunction with Rule 4-1.9, a lawyer "must not represent a client if…there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client [or] a former client…".

Furthermore, this potential conflict is imputed to attorneys who are associated in a practice under Michigan Rule of Professional Conduct 1.10(a) which reads in part that "[W]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2." Florida Rule 4-1.10 similarly prohibits any lawyers within a firm from representation "when any 1 of them practicing alone would be prohibited from doing so by

rule 4-1.7 or 4-1.9…". Counsel believes that these rules likely prohibit the continued representation of Mr. Smith.

WHEREFORE, the undersigned respectfully asks this Honorable Court to hold a hearing on the identified potential conflict of interest or in the alternative authorize leave to withdraw as counsel for defendant Lakento Brian Smith under Local General Rule 2.5, and requests that the Court order the appointment of new counsel.

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

Dated: August 19, 2026

/s/ James Stevenson Fisher
JAMES STEVENSON FISHER
Senior Litigator
Office of the Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420