UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. 1:26-cr-00084

LAKENTO BRIAN SMITH,
JAVON DREVELLE BREWER, and
FLETCHER LEE SALAZAR,

HON. JANE M. BECKERING
United States District Judge

Defendants.
_________________________________/

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

The United States of America, by its counsel, Timothy VerHey, United States Attorney for the Western District of Michigan, Southern Division, and Assistant United States Attorney Daniel T. McGraw, moves this Court for a protective order relating to the disclosure of investigative materials pursuant to Fed. R. Crim. P. 16(d)(1). Pursuant to Local Criminal Rule 12.4, the Defendants Lakento Brian Smith, by and through his attorney Nicholas Dondzila, Javon Drevelle Brewer, by and through his attorney Peter VanGelderen, and Fletcher Lee Salazar, by and through his attorney Scott Graham, communicated with government counsel and stated that their respective clients do not oppose this motion. In support of this motion, the government states as follows:

1. On or about August 11, 2026, the grand jury returned an indictment charging the Defendants with a conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), other violations of the Controlled Substances Act, and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

2. The discovery in this case is voluminous and relates to a multiagency investigation into an interstate drug and money laundering organization that was over a year long. A protective order is needed because the discovery is voluminous and includes documents containing vast amounts of personally identifiable information (PII), as well as the court-authorized intercepted contents of wire communications over a target phone. The dissemination of PII could also lead to financial or other harm. Consistent with Rule 49.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3771, all parties have an obligation to protect personally identifiable information. Redaction of the discovery materials is impractical both because of the volume of the documents and defense counsel's need for the underlying information to prepare a defense. Discovery in this case also contains court-authorized intercepted wire communications, including those with uncharged individuals. Public dissemination of the discovery could lead to the identification of uncharged individuals and subject them to harassment and/or undue harm.

3. Rule 16(d) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Courts have found good cause where discovery includes confidential information from a party other than the defendant, as is the case with the discovery here. *Cf. United States v. Faller*, 2014 WL 12705136 (W.D. Ky. July 31, 2014) ("A substantial amount of the discovery materials includes private information regarding non-parties' tax records, social security numbers, and other sensitive information . . . [b]ecause there is such large-scale discovery in this case, the undersigned finds that redaction of documents is not feasible and instead an umbrella protective order is more appropriate.").

4. Additionally, the requested protective order is limited in scope and does not restrict Defendants' access to review the material. Rather, it restricts Defendants' ability to share it

generally with others, including those uncharged individuals who may have also committed the offenses charged in the indictment, through open access means, including social media, which could broadly disseminate sensitive information.

5. In sum, the proposed protective order sets forth a basic principle of fair litigation: discovery material should only be used for the case. The proposed order does not impose significant burdens on defense counsel or otherwise interfere with the attorney-client relationship.

6. For these reasons, the government believes that there is good cause to enter the attached proposed order.

WHEREFORE, the government respectfully moves this Court to enter the unopposed proposed protective order filed with this motion.

Respectfully submitted,

TIMOTHY VERHERY
United States Attorney

Date: August 24, 2026

/s/ Daniel T. McGraw
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404