UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

v.

LAKENTO BRIAN SMITH,

Defendant.

/

No. 1:26-cr-00084

Hon. JANE M. BECKERING
U.S. District Judge

PLEA AGREEMENT

This constitutes the plea agreement between LAKENTO BRIAN SMITH and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. Defendant Agrees to Plead Guilty. Defendant agrees to plead guilty to Count 1 of the Superseding Indictment. Count 1 charges Defendant with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(B)(i), 841(b)(1)(C).

2. Defendant Understands the Crime. In order for Defendant to be guilty of violating Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(B)(i), 841(b)(1)(C), the following must be true:

a. two or more people conspired, or agreed, to distribute and possess with intent to distribute controlled substances;

b. Defendant knew of the conspiracy and its objects, aims, and goals;

c. Defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of

distribution of a controlled substance and possession with intent to distribute a controlled substance; and

d. at least 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, was involved in the conspiracy and is attributable to Defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. Defendant Understands the Penalties and Sentencing Enhancement Under 21 U.S.C. §§ 846, 841, 851. Count 1 of the Superseding Indictment charges Defendant with conspiracy to distribute and possess with intent to distribute controlled substances, including 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Defendant understands that this count is normally punishable by a minimum prison term of 10 years, a maximum prison term of life, a fine of up to $10,000,000, a period of supervised release following incarceration of at least 5 years, and a mandatory $100 special assessment. Defendant, however, has at least one prior serious drug felony conviction and will be admitting guilt to the information referenced below. The existence of the prior conviction will enhance Defendant's sentence. Accordingly, Count 1 will be punishable by a minimum prison term of 15 years, a fine of up to $20,000,000, a period of supervised release following incarceration of at least 10 years, and a mandatory $100 special assessment.

a. Defendant agrees that he is subject to these enhanced penalties based on a prior serious drug felony conviction, specifically, on June 29, 2006, Defendant was found guilty by jury verdict of conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii), possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), in the United States District Court for the Western District of Michigan, Case No. 1:06-cr-00032, and on November, 1, 2006, Defendant was sentenced to life in prison. Defendant served more than 12 months in prison, and was released from serving the term of imprisonment related to those offenses within 15 years of the commencement of the offense charged in Count 1 of the Superseding Indictment.

4. Assessment. Defendant agrees to pay the special assessment on the day of sentencing.

5. Probation/Parole/Supervised Release Revocation. Defendant understands that if Defendant is presently on supervised release in another case, the conviction in this case may result in revocation of such supervised release.

6. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time

of the plea or sentencing, and does include all the facts Defendant knows about Count 1 of the Superseding Indictment:

a. Beginning by at least December 3, 2023 and continuing through July 23, 2026, two or more people conspired, or agreed, to distribute and possess with intent to distribute controlled substances in Muskegon County, Michigan, within the Western District of Michigan, and elsewhere.

b. Defendant knew of this conspiracy, its objects, aims, and goals, and joined the conspiracy with the intent that at least one of the conspirators, including his listed co-defendants within the Superseding Indictment, and others, engage in conduct that satisfies the element of distribution of a controlled substance and possession with intent to distribute a controlled substance.

c. For example, as part of the conspiracy, conspirator Fletcher Lee Salazar possessed and intended to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Conspirator Javon Drevelle Brewer possessed with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. And conspirator Demario Lance Matthews possessed with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance. Defendant joined this conspiracy with the intent that these conspirators engage in conduct that satisfies possession with intent to distribute controlled substances.

d. The amount of controlled substances discussed in the subparagraph above is attributable to Defendant as a result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him.

8. Dismissal of Other Counts/Charges. The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Superseding Indictment (Count 2) against Defendant, as well as the underlying Indictment, at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range,

where the sentence should fall within the applicable guidelines range, and the propriety of any variance from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward variance is, in fact, warranted.

9. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10. Non-Prosecution Agreement. The U.S. Attorney's Office agrees to forbear from bringing criminal charges against MALKA IRENE COLEMAN, also known as MALKA SMITH, Defendant's wife, related to this investigation by the Drug Enforcement Administration and Internal Revenue Service-Criminal Investigation, involving violations of Title 21, United States Code, Sections 846, 843(b), and Title 18, United States Code, Section 1956.

11. The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.

Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. There is No Agreement About the Final Sentencing Guidelines Range. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and variances.

13. Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14. Waiver of Appellate Rights. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

15. FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this

case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

17. This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. Consequences of Breach. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and

void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

19. Deadline for Acceptance of Agreement. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by November 30, 2026, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

[remainder of page blank; signatures on following page]

TIMOTHY VERHEY
United States Attorney

November 17, 2026
______________________________
Date

______________________________
DANIEL T. McGRAW
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

11-16-26
______________________________
Date

______________________________
LAKENTO BRIAN SMITH
Defendant

I am LAKENTO BRIAN SMITH's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11-16-2026
______________________________
Date

______________________________
MARY CHARTIER
Attorney for Defendant